# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES - GENERAL

| Case No. | 2:11-cv-02529-JHN -CWx | Date | June 1, 2011 |
|---|---|---|---|
| Title | Carmen Quinones v. Raytheon Aircraft Company et al. | | |

| Present: The Honorable | JACQUELINE H. NGUYEN | |
|---|---|---|
| Alicia Mamer | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| Not present | | Not present |

**Proceedings:** ORDER REMANDING ACTION TO LOS ANGELES COUNTY SUPERIOR COURT [16] (IN CHAMBERS)

The matter is before the Court on Plaintiff Carmen Quinones' ("Plaintiff") Motion for Leave to File a First Amended Complaint ("FAC") and to Remand the Action to the Los Angeles County Superior Court. (Docket No. 16.) Plaintiff seeks leave to add General Aviation Co. and Crusair Aviation, Inc. (collectively, "Proposed Defendants"), both California corporations, as defendants pursuant to Rule 15(a) of the Federal Rules of Civil Procedure ("Rule__"). (Mot. at 3.) Having considered the motion, opposition, reply, and supporting papers, the Court deemed the matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L. R. 7-15. **Accordingly, the hearing set for June 6, 2011 is removed from the Court's calendar.** For the reasons discussed below, the motion for leave to file a FAC is **GRANTED.** Because the newly added parties destroy diversity, the Court **REMANDS** the action to the **LOS ANGELES COUNTY SUPERIOR COURT.**

### I. FACTUAL BACKGROUND

This wrongful death action stems from a tragic accident that took the lives of Mustapha Sesay ("Sesay"), Rajesh Vashdev ("Vashdev"), and Jorge Quinones ("the Decedent"). Plaintiff is the widow of the Decedent, who was a passenger of an aircraft operated by Sesay and Vashdev on that fateful day of July 15, 2009. During the flight of the aircraft near an airport, the aircraft crashed off the runway and into a parking lot, killing Sesay, Vashdev, and the Decedent. (Compl. ¶ 11.) Based on these allegations, on March 24, 2011, Plaintiff commenced the instant action in the state court and named the following as defendants: Raytheon Aircraft Company, Teledyne Continental Motors, Inc. ("TCM"), Tornado Alley Turbo, Inc., General Aviation Modifications, Inc., and Kelly Aerospace,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02529-JHN -CWx | Date | June 1, 2011 |
|---|---|---|---|
| Title | Carmen Quinones v. Raytheon Aircraft Company et al. | | |

Inc. Plaintiff asserts causes of action for: (1) negligence; (2) breach of express warranty; (3) breach of implied warranty; (4) strict products liability; and (5) failure to warn. (Docket No. 1; Notice of Removal, Ex. A.)

On March 22, 2011, two days before the filing of this suit, Vashdev's heirs filed a lawsuit against the same defendants in the Los Angeles County Superior Court captioned, *Rohera et al. v. Raytheon Aircraft Co., et al.*, Case No. BC457855 ("*Rohera*"). The complaint in *Rohera* is identical to the complaint filed in this action, except for the names of the plaintiffs.

On March 25, 2011, TCM removed both *Rohera* and the instant case to this district on the basis of diversity jurisdiction. 28 U.S.C. § 1332. *Rohera* was assigned to Judge Gary Klausner and the instant case was assigned to this Court.

On April 5, 2011, Judge Klausner, on his own motion, remanded *Rohera* to the state court on the ground that TCM failed to demonstrate in its Notice of Removal that the amount in controversy was met. (*See* CV 11-2530-RGK (FFMx), docket no. 6.) The Notice of Removal in *Rohera* is identical to that filed in this case. Thereafter, plaintiffs in *Rohera* filed an amended complaint in the state court and added the Proposed Defendants as parties to that action. (Brusavich Decl. ¶ 8, Ex. C [Los Angeles Superior Court Case Summary for Case No. BC457855].)

Plaintiff now moves for an order permitting her to amend her complaint for the purpose of adding the Proposed Defendants as parties to the instant action. Because the Proposed Defendants are citizens of California, permitting their joinder would destroy diversity, which serves as the basis for this Court's subject matter jurisdiction. As such, Plaintiff also asks the Court to remand the action to the state court should leave to amend is granted.

## II. DISCUSSION

Leave to amend is freely given "when justice so requires." Fed. R. Civ. P. 15(a)(2). However, "[i]f after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." 28 U.S.C. § 1447(e). "The language of

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02529-JHN -CWx | Date | June 1, 2011 |
|---|---|---|---|
| Title | Carmen Quinones v. Raytheon Aircraft Company et al. | | |

§ 1447(e) is couched in permissive terms" and "the decision regarding joinder of a diversity destroying-defendant is left to the discretion of the district court." *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

"When deciding whether to permit joinder under § 1447(e), a court should consider: (1) whether the party sought to be joined is needed for just adjudication and would be joined under Federal Rule of Civil Procedure 19(a); (2) whether the statute of limitations would prevent the filing of a new action against the new defendant should the court deny joinder; (3) whether there has been unexplained delay in seeking the joinder; (4) whether the joinder is solely for the purpose of defeating federal jurisdiction; and (5) whether the claim against the new party seems valid." *Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D. Cal. 1999) (citing Schwarzer, et al., *California Practice Guide: Federal Civil Procedure Before Trial*, P 2:1078 (TRG 1998)); *IBC Aviation Servs. v. Compania Mexicana De Aviacion, S.A. de C.V.*, 125 F. Supp. 2d 1008, 1011 (N.D. Cal. 2000) (same); *Palestini v. General Dynamics Corp.*, 193 F.R.D. 654, 658 (S.D. Cal. 2000) (same).

### A. Just Adjudication

The Proposed Defendants are "needed for just adjudication" and should be joined under Rule 19(a). *Palestini*, 193 F.R.D. at 658. Rule 19 requires joinder of persons whose absence would preclude the grant of complete relief among existing parties or whose absence would impede their ability to protect their interests or subject an existing party to the danger of inconsistent obligations. Fed. R. Civ. P. 19(a). Here, disallowing the joinder of the Proposed Defendants would preclude Plaintiff from obtaining full relief. Under Cal. Civ. Code § 1431.2, in a wrongful death action, "[e]ach defendant is liable only for the amount of non-economic damages allocated to that defendant in direct proportion to that defendant's percentage of fault." Therefore, if Plaintiff is not permitted to add the Proposed Defendants, Plaintiff might not obtain complete relief as the existing defendants may argue that the absent tortfeasors are partly or entirely liable for Plaintiff's injuries.

Further, denying the joinder does not make sense because it will only force Plaintiff to file a second action in the state court to hold the Proposed Defendants liable. As Plaintiff

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02529-JHN -CWx | Date | June 1, 2011 |
|---|---|---|---|
| Title | Carmen Quinones v. Raytheon Aircraft Company et al. | | |

correctly argues, litigating her claims in two forums would be a waste of judicial resources and may subject the existing defendants and the Proposed Defendants to the danger of inconsistent obligations. Therefore, this factor weighs in favor of granting leave to file an amended complaint to add the Proposed Defendants as parties.

### B. Statute of Limitations

The limitations period is not an issue in this action because it will not expire until July 15, 2011. *See* Cal. Code of Civ. Proc. § 335.1 (two-year statute of limitations for wrongful death actions). However, requiring Plaintiff to litigate her claims in two forum would be a waste of judicial resources as *Rohera* has already been remanded and Sesay's heirs intend to file an action in the state court against *all* defendants, including the diversity-destroying defendants. (Brusavich Decl. ¶ 9.)

### C. Reason for Delay

Plaintiff explains that the instant motion is timely because she only "discovered" the Proposed Defendants after the *Rohera* plaintiffs named them as parties to their own lawsuit after Judge Klausner remanded the case. TCM has not presented any evidence to controvert this claim. Therefore, this factor weighs in favor of the amendment.

### D. Motive for Joinder

TCM questions Plaintiff's motive for adding the Proposed Defendants. (Opp'n at 7.) The bulk of the opposition is centered on the contention that Plaintiff seeks to add the non-diverse defendants solely to destroy diversity. TCM notes that the instant motion is made shortly after removal with no discovery having been conducted in the meantime. (*Id.*) Based on the timing of the motion, TCM concludes that Plaintiff's motive for joinder is suspect. (Opp'n at 8.) TCM has not presented even a scintilla of evidence to show that the Proposed Defendants are being added only to destroy diversity. On the other hand, Plaintiff has submitted evidence showing that the *Rohera* plaintiffs added the

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02529-JHN -CWx | Date | June 1, 2011 |
|---|---|---|---|
| Title | Carmen Quinones v. Raytheon Aircraft Company et al. | | |

Proposed Defendants as parties only after the case was remanded and after Plaintiff's counsel conferred with counsel for the *Rohera* plaintiffs, who is a specialist in aviation litigation. (Brusavich Reply Decl. ¶ 3.) Because there is no reason for the Court to doubt Plaintiff's reason for the delay in adding the Proposed Defendants, this factor weighs in favor of granting leave to amend the complaint.

### E. Validity of Claims Against the Proposed Defendants

The proposed FAC alleges that General Aviation Co. performed service and repair work on the aircraft and was negligent in correcting the defects in manufacture, design, and workmanship of the turbo charge. (Brusavich Decl., ¶ 5, Ex. B [Proposed FAC ¶ 8].) The proposed FAC also alleges that Crusair Aviation, Inc. performed general work on the aircraft and was also negligent in correcting the defects in the aircraft engine. (Proposed FAC ¶ 9.) Based on these allegations, Plaintiff seeks to add these two entities as defendants to Plaintiff's cause of action for negligence. (Proposed FAC ¶ 19.) TCM does not dispute the validity of Plaintiff's claims against the Proposed Defendants. If Plaintiff's allegations are found to be true, the Proposed Defendants may be held liable for negligence. Thus, this factor weighs in favor of granting leave to amend the complaint.

## III. CONCLUSION

Having carefully considered the matter, the Court grants Plaintiff leave to amend the complaint for the purpose of adding the Proposed Defendants. Because the addition of the Proposed Defendants destroy diversity, the Court hereby **REMANDS** the action to the **LOS ANGELES COUNTY SUPERIOR COURT.**

**IT IS SO ORDERED.**

|  | : | N/A |
|---|---|---|
| Initials of Preparer | AM | |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:11-cv-02529-JHN -CWx | Date | June 1, 2011 |
|---|---|---|---|
| Title | Carmen Quinones v. Raytheon Aircraft Company et al. | | |